## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| In re: | ) |
| | ) Bankruptcy Case |
| YI ZHANG, | ) No. 21-11633-BFK |
| | ) Chapter 7 |
| Debtor. | ) |
| _____ | ) |
| | ) |
| H. JASON GOLD, IN HIS CAPACITY AS | ) |
| CHAPTER 7 TRUSTEE FOR YI ZHANG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adversary Proceeding No. _____ |
| | ) |
| YAJUAN GAO | ) |
| | ) |
| SERVE: | ) |
| | ) |
| Yajuan Gao | ) |
| 51 Skyhill Road, Apt #302, | ) |
| Alexandria, Virginia 22314 | ) |
| | ) |
| Defendant. | ) |
| | ) |

### COMPLAINT TO AVOID TRANSFERS OF REAL PROPERTY
### AND FOR RELATED RELIEF

COMES NOW H. Jason Gold, in his capacity as Chapter 7 trustee ("Trustee" or "Plaintiff") for Yi Zhang ("Debtor"), by and through his undersigned counsel, and files this Complaint to Avoid Transfers of Real Property and for Related Relief pursuant to 11 U.S.C. §§ 544 548, 550 and 551 and §§ 55.1-400 et seq. of the Code of Virginia ("Complaint") against Yajuan Gao ("Defendant"), stating to the Court as follows:

Dylan G. Trache, Va. Bar No. 45939
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
(202) 689-2800
Counsel to the Chapter 7 Trustee

## **BACKGROUND AND JURISDICTION**

1.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

2.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

4.      On September 23, 2021, the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division (the "Court") commencing his chapter 7 case (the "Bankruptcy Case").

5.      On September 24, 2021, the Trustee was appointed.

6.      Prior to the Petition Date, the Debtor operated a restaurant located in New York City.

7.      The Debtor's restaurant business failed and is no longer in operation.

8.      Upon information and belief, on or about February 5, 2020, Tang's Realty, Inc. ("Tangs") notified the Debtor that it owed certain rents, additional rents and late fees. Thereafter, Debtor surrendered possession of the subject premises.

9.      In May 2020, Tangs filed a lawsuit against the Debtor and his business seeking to recover unpaid amounts due under the applicable lease documents and associated guaranty.

10.     In April 2021, Tangs obtained a judgment against the Debtor and his business, jointly and severally in amount of $171,862.22 ("Tangs Judgment").

11.     The Tangs Judgment is listed as a liquidated and undisputed debt on the Debtor's schedules in the amount of $190,000.00.

12.    In addition to the Tangs Judgment the Debtor has listed other business debts on his schedules including amounts owed to ConEdison ($5,000.00), JPMorgan Chase Bank Card ($65,551.00), JPMorgan Chase, N.A. ($80,000.00), and Verizon ($1,000.00) (collectively, with the Tangs Judgment, the "Business Debts").

13.    The Business Debts are the only unsecured claims listed on the Debtor's schedules.

14.    Prior to the Petition Date, the Debtor was the sole owner of certain real property with the address of 11237 Wortham Crest Circle, Manassas, Virginia 20109 ("Wortham Crest Property").

15.    The Wortham Crest Property has a County Tax Map Number of 7596-97-7052.01 and the following legal description:

> Unit 73, Phase 5, CHATSWORTH VILLAGE CONDOMINIUM, and the limited common elements appurtenant thereto, as created by the Declaration of Chatsworth Village, a Condominium Community with exhibits attached thereto, recorded as Instrument #200710230117341, with plat recorded as Instrument #200710230117342, and any subsequent amendments thereto, all among the land records of Prince William County, Virginia.

16.    Debtor conveyed his interest in the Wortham Crest Property to Defendant pursuant to a deed dated February 6, 2020 and recorded on February 7, 2020 as Instrument #202002070010312 (the "Wortham Crest Deed").   A true and correct copy of the Wortham Crest Deed is attached hereto as Exhibit "A."

17.    At the time he executed the Wortham Crest Deed, the Debtor was unable to pay the Business Debts for which he was personally liable.

18.    Prior to the Petition Date, the Debtor with the Defendant owned certain real property with the address of 7608 Maracaibo Ct., Gainesville, Virginia 20155 ("Maracaibo Property" and together with the Wortham Crest Property, the "Properties") as husband and wife.

19.     The Maracaibo Property has a County Tax Map Number of 7297-93-4902 and the following legal description:

> LOT 24, SECTION 1, HOPEWELLS LANDING, as the same is dully dedicated, platted and recorded as Instrument #20411100191899, with plat recorded as Instrument #200411100191900.

20.     Debtor conveyed his interest in the Maracaibo Property to Defendant pursuant to a deed dated February 12, 2020 and recorded on February 13, 2020 as Instrument #202002130011995 (the "Maracaibo Deed").   A true and correct copy of the Maracaibo Deed is attached hereto as Exhibit "B."

21.     At the time he executed the Maracaibo Deed, the Debtor was unable to pay all of the Business Debts for which he was personally liable.

22.     Through this lawsuit, the Trustee seeks to avoid the transfer of the Properties to Defendant pursuant to the Wortham Crest Deed (the "Wortham Crest Transfer") and the Maracaibo Deed (the "Maracaibo Transfer" and together with the Wortham Crest Transfers, the "Transfers").

23.     Debtor received no consideration for the Transfers.

24.     At the time of the Transfers, Defendant and the Debtor were married.

25.     On July 15, 2020, the Debtor and Defendant entered into a certain Separation and Property Settlement Agreement.  A copy the Separation and Property Settlement Agreement is attached hereto as Exhibit "C."

26.     On August 7, 2020, the Circuit Court for the City of Chesapeake entered a Decree of Divorce A Vinculo Matrimonii ("Divorce Decree").  A copy of the Divorce Decree is attached hereto as Exhibit "D."

4

27.     In June 2021, Defendant sold the Maracaibo Property and received $339,372.72 in net sale proceeds.  Attached hereto as Exhibit "E" is a copy of the wire detail setting forth Defendant's receipt of said sum.

## COUNT I - TO AVOID ACTUAL FRAUDULENT TRANSFER
## OF THE WORTHAM CREST PROPERTY PURSUANT TO 11 U.S.C. § 548(A)

28.     The Plaintiff repeats and realleges each and every allegation contained in the above paragraphs, inclusive, as though fully set forth herein.

29.     The Wortham Crest Transfer was made within two (2) years prior to the Petition Date.

30.     The Wortham Crest Transfer was made to, or for the benefit of, the Defendant.

31.     The Wortham Crest Transfer was made with actual intent to hinder, delay or defraud entities to which the Debtor was or became indebted.  Specifically, at the time of the Wortham Crest Transfer, the Debtor was unable to pay his Business Debts.  By transferring the Wortham Crest Property to Defendant, Debtor intended to protect that property from creditor process and ensure that Defendant received sole benefit of the Wortham Crest Property.

32.     By reason of the foregoing, the Wortham Crest Transfer including without limitation the Wortham Crest Deed should be avoided and set aside as an actual fraudulent transfer.

## COUNT II - TO AVOID CONSTRUCTIVE FRAUDULENT TRANSFER
## OF THE WORTHAM CREST PROPERTY PURSUANT TO 11 U.S.C. § 548(B)

33.     The Plaintiff repeats and realleges each and every allegation contained in the above paragraphs, inclusive, as though fully set forth herein.

34.     The Wortham Crest Transfer was made within two (2) years prior to the Petition Date.

35.     The Wortham Crest Transfer was made to, or for the benefit of, the Defendant.

36.     The Debtor did not receive reasonably equivalent value in exchange for the Wortham Crest Transfer.

37.     The Debtor received no consideration for the Wortham Crest Transfer.

38.     The Debtor was: (i) insolvent on the dates of the Wortham Crest Transfer or became insolvent as a result of the Wortham Crest Transfer; and/or (ii) engaged in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital at the time of, or as a result of, the Wortham Crest Transfer; and/or (iii) the Debtor intended to incur, or believed that it would incur, debts that would be beyond that Debtor's ability to pay as such debts.

39.     By reason of the foregoing, the Wortham Crest Transfer should be avoided and set aside as a constructively fraudulent transfer.

### COUNT III - TO AVOID TRANSFER OF THE WORTHAM CREST PROPERTY PURSUANT TO 11 U.S.C. § 544 AND VIRGINIA CODE § 55.1-400

40.     Plaintiff repeats and realleges the allegations in the above paragraphs, inclusive, as though fully set forth herein.

41.     At the time of the Transfer, Debtor was insolvent because among other things, he owed some or all of the Business Debts and was unable to pay the debts of his business for which he was personally liable when the same came due.

42.     The Debtor made the Transfer with intent to hinder, delay or defraud the parties to whom he owed the Business Debts because he voluntarily transferred the Wortham Crest Property to Defendant in order to protect the same from his business creditors.

43.     Pursuant to Virginia Code §55.1-403, Plaintiff is entitled to recover reasonable attorney fees for bringing and prosecuting this action.

44.     By reason of the foregoing, the Wortham Crest Transfer should be avoided as an actual fraudulent transfer under Virginia Code §55.1-400 and Plaintiff should be awarded fees consistent with §55.1-403.

### COUNT IV - TO AVOID TRANSFER OF THE WORTHAM CREST PROPERTY PURSUANT TO 11 U.S.C. § 544 AND VIRGINIA CODE § 55.1-401

45.     Plaintiff repeats and realleges the allegations in the above paragraphs, inclusive, as though fully set forth herein.

46.     At the time of the Transfer, Debtor was insolvent because among other things, he owed some or all of the Business Debts and was unable to pay the debts of his business for which he was personally liable when the same came due.

47.     The Debtor did not receive consideration valuable at law in exchange for the Wortham Crest Transfer.

48.     Pursuant to Virginia Code §55.1-403, Plaintiff is entitled to recover reasonable attorney fees for bringing and prosecuting this action.

49.     By reason of the foregoing, the Wortham Crest Transfer should be avoided as an actual fraudulent transfer under Virginia Code §55.1-400 and Plaintiff should be awarded fees consistent with §55.1-403.

### COUNT V – RECOVERY OF THE WORTHAM CREST PROPERTY UNDER 11 U.S.C. § 550

50.     Plaintiff repeats and realleges the allegations in the above paragraphs, inclusive, as though fully set forth herein.

51.     As alleged above, Plaintiff is entitled to avoid the Wortham Crest Transfer under 11 U.S.C. §§ 548 or 544, respectively.

52.     Defendant is the initial transferee of the Wortham Crest Transfer or the entity for whose benefit the Wortham Crest Transfer was made, or an immediate or mediate transferee of such initial transferee of the Wortham Crest Transfer.

53.     The Plaintiff is entitled to recover for the estate the proceeds or value of the Wortham Crest Transfer under 11 U.S.C. § 550.

54.     Plaintiff is entitled to an order and judgment under 11 U.S.C. § 550 that the proceeds or value of the Wortham Crest Transfer is recovered for the benefit of the estate.

**COUNT VI - TO PRESERVE THE WORTHAM CREST PROPERTY
PURSUANT TO 11 U.S.C. § 551**

55.     The Plaintiff repeats and realleges each and every allegation contained in the above paragraphs, inclusive, as though fully set forth herein.

56.     The Wortham Crest Transfer and the Wortham Crest Property conveyed thereby is property of the estate of the Debtor.

57.     The Wortham Crest Transfer, or the value thereof, should be preserved for the benefit of the Debtor.

**COUNT VII - TO AVOID ACTUAL FRAUDULENT TRANSFER
OF THE MARACAIBO PROPERTY PURSUANT TO 11 U.S.C. § 548(A)**

58.     The Plaintiff repeats and realleges each and every allegation contained in the above paragraphs, inclusive, as though fully set forth herein.

59.     The Maracaibo Transfer was made within two (2) years prior to the Petition Date.

60.     The Maracaibo Transfer was made to, or for the benefit of, the Defendant.

61.     The Maracaibo Transfer was made with actual intent to hinder, delay or defraud entities to which the Debtor was or became indebted.  Specifically, at the time of the Maracaibo Transfer, the Debtor was unable to pay his Business Debts.  By transferring the Maracaibo

Property to Defendant, Debtor intended to protect that property from creditor process and ensure that Defendant received sole benefit of the Maracaibo Property.

62.     By reason of the foregoing, the Maracaibo Transfer including without limitation the Maracaibo Deed should be avoided and set aside as an actual fraudulent transfer.

## COUNT VIII - TO AVOID CONSTRUCTIVE FRAUDULENT TRANSFER OF THE MARACAIBO PROPERTY PURSUANT TO 11 U.S.C. § 548(B)

63.     The Plaintiff repeats and realleges each and every allegation contained in the above paragraphs, inclusive, as though fully set forth herein.

64.     The Maracaibo Transfer was made within two (2) years prior to the Petition Date.

65.     The Maracaibo Transfer was made to, or for the benefit of, the Defendant.

66.     The Debtor did not receive reasonably equivalent value in exchange for the Maracaibo Transfer.

67.     The Debtor received no consideration for the Maracaibo Transfer.

68.     The Debtor was: (i) insolvent on the dates of the Maracaibo Transfer or became insolvent as a result of the Maracaibo Transfer; and/or (ii) engaged in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital at the time of, or as a result of, the Maracaibo Transfer; and/or (iii) the Debtor intended to incur, or believed that it would incur, debts that would be beyond that Debtor's ability to pay as such debts.

69.     By reason of the foregoing, the Maracaibo Transfer should be avoided and set aside as a constructively fraudulent transfer.

## COUNT IX - TO AVOID TRANSFER OF THE MARACAIBO PROPERTY PURSUANT TO 11 U.S.C. § 544 AND VIRGINIA CODE § 55.1-400

70.     Plaintiff repeats and realleges the allegations in the above paragraphs, inclusive, as though fully set forth herein.

71.     At the time of the Transfer, Debtor was insolvent because among other things, he owed some or all of the Business Debts and was unable to pay the debts of his business for which he was personally liable when the same came due.

72.     The Debtor made the Transfer with intent to hinder, delay or defraud the parties to whom he owed the Business Debts because he voluntarily transferred the Maracaibo Property to Defendant in order to protect the same from his business creditors.

73.     Pursuant to Virginia Code §55.1-403, Plaintiff is entitled to recover reasonable attorney fees for bringing and prosecuting this action.

74.     By reason of the foregoing, the Maracaibo Transfer should be avoided as an actual fraudulent transfer under Virginia Code §55.1-400 and Plaintiff should be awarded fees consistent with §55.1-403.

**COUNT X - TO AVOID TRANSFER OF THE MARACAIBO PROPERTY PURSUANT TO 11 U.S.C. § 544 AND VIRGINIA CODE § 55.1-401**

75.     Plaintiff repeats and realleges the allegations in the above paragraphs, inclusive, as though fully set forth herein.

76.     At the time of the Transfer, Debtor was insolvent because among other things, he owed some or all of the Business Debts and was unable to pay the debts of his business for which he was personally liable when the same came due.

77.     The Debtor did not receive consideration valuable at law in exchange for the Maracaibo Transfer.

78.     Pursuant to Virginia Code §55.1-403, Plaintiff is entitled to recover reasonable attorney fees for bringing and prosecuting this action.

79.    By reason of the foregoing, the Maracaibo Transfer should be avoided as an actual fraudulent transfer under Virginia Code §55.1-400 and Plaintiff should be awarded fees consistent with §55.1-403.

## COUNT XI – RECOVERY OF THE MARACAIBO PROPERTY UNDER 11 U.S.C. § 550

80.    Plaintiff repeats and realleges the allegations in the above paragraphs, inclusive, as though fully set forth herein.

81.    As alleged above, Plaintiff is entitled to avoid the Maracaibo Transfer under 11 U.S.C. §§ 548 or 544, respectively.

82.    Defendant is the initial transferee of the Maracaibo Transfer or the entity for whose benefit the Maracaibo Transfer was made, or an immediate or mediate transferee of such initial transferee of the Maracaibo Transfer.

83.    The Plaintiff is entitled to recover for the estate the proceeds or value of the Maracaibo Transfer under 11 U.S.C. § 550.

84.    Defendant received sale proceeds in the amount of $339,372.72 as a result of her sale of the Maracaibo Property.

85.    Plaintiff is entitled to an order and judgment under 11 U.S.C. § 550 that the proceeds or value of the Maracaibo Transfer is recovered for the benefit of the estate in the amount of $339,372.72.

## COUNT XII - TO PRESERVE THE MARACAIBO PROPERTY PURSUANT TO 11 U.S.C. § 551

86.    The Plaintiff repeats and realleges each and every allegation contained in the above paragraphs, inclusive, as though fully set forth herein.

87.    The Maracaibo Transfer and the Maracaibo Property conveyed thereby is property of the estate of the Debtor.

88.    The Maracaibo Transfer, or the value thereof, should be preserved for the benefit of the Debtor's estate pursuant to § 551 of the Bankruptcy Code

WHEREFORE, the Plaintiff prays for judgment for Plaintiff and against the Defendant:

1.    Avoiding the Wortham Crest Transfer of the Wortham Crest Property, together with costs of suit incurred herein, including, without limitation, attorneys' fees; and pre- and post-judgment interest on the judgment amount to the fullest extent allowed by applicable law;

2.    Determining that the Wortham Crest Transfer is avoidable under Section 548 of the Bankruptcy Code or Virginia law, and that Plaintiff is entitled to recover the Transfer under Section 550 of the Bankruptcy Code;

3.    Avoiding the Wortham Crest Transfer such that the Wortham Crest Deed is not effective and the Property is re-vested in the Debtor's estate.

4.    Preserving the Maracaibo Transfer for the benefit of the estate;

5.    Avoiding the Maracaibo Transfer of the Maracaibo Property, together with costs of suit incurred herein, including, without limitation, attorneys' fees; and pre- and post-judgment interest on the judgment amount to the fullest extent allowed by applicable law;

6.    Determining that the Maracaibo Transfer is avoidable under Section 548 of the Bankruptcy Code or Virginia law, and that Plaintiff is entitled to recover the Transfer under Section 550 of the Bankruptcy Code;

7.    Avoiding the Maracaibo Transfer such that the Maracaibo Deed is not effective and the value of Defendant's interest in the Maracaibo Property is re-vested in the Debtor's estate.

8.    Preserving the Maracaibo Transfer for the benefit of the estate

9.      Entering a money judgment against Defendant for $339,372.72 representing the

value of the Maracaibo Property transferred to Defendant.

10.     For such other and further relief as the Court may deem just and proper.

Dated: January 14, 2022

Respectfully submitted,

H. JASON GOLD, TRUSTEE

By Counsel

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Telephone: (202) 689-2800
Email:  dylan.trache@nelsonmullins.com

By:      /s/ Dylan G. Trache
         Dylan G. Trache, Va. Bar No. 45939

*Counsel to the Chapter 7 Trustee*